Timothy **LESTOURGEON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 45996.**

Missouri Court of Appeals,
Western District.

Sept. 29, 1992.

---

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and SHANGLER and FENNER, JJ.

PER CURIAM.

Appellant Timothy Lestourgeon challenges the dismissal of his Rule 24.035 motion for untimely filing. On appeal, he seeks remand for a determination of the date of his delivery to custody; he further argues the unconstitutionality of the time provisions of Rule 24.035(b).

We affirm.

Appellant pleaded guilty to distribution of a controlled substance, a class A felony. He was sentenced on May 13, 1991, to ten years' imprisonment. On August 19, 1991, appellant filed a motion for postconviction relief on the 1988 version of Criminal Procedure Form No. 40 [1] that lacked question 4(b) asking for the date of the movant's delivery to the custody of the department of corrections. The motion court appointed counsel who filed an amended motion on appellant's behalf. However, the amended motion also failed to disclose the date of appellant's delivery to custody.

The partial docket sheet appearing in appellant's legal file reveals that the motion court granted a writ of habeas corpus ad testificandum on January 27, 1992, and that appellant appeared in person before the motion court on January 29, 1992. At that appearance, the motion court advised appellant that "he ha[d] not filed his motion within 90 days of the date he was delivered to the department of corrections, and that his motion was not timely filed." The docket entry records the advice to appellant, and shows the dismissal of the case with prejudice.

In his first point, appellant contends that the motion court clearly erred in dismissing his Rule 24.035 motion for untimeliness because of reliance on an inadequate record. He recognizes that more than 90 days elapsed between his sentencing date, May

Lew Anthony Kollias, Asst. Public Defender, Columbia, for appellant.

---

1. The revised version of Criminal Procedure Form No. 40, adopted on April 10, 1990, added question 4(b).

13, 1991, and his filing date, August 19, 1991. Appellant acknowledges that Rule 24.035(b) requires filing the pro se motion within 90 days after delivery to the department of corrections. Suggesting that the motion court improperly relied on his sentencing date, appellate emphasizes that the relevant date for determining timeliness is the date of his physical delivery into the custody of the department of corrections. *Thomas v. State*, 808 S.W.2d 364, 365 (Mo. banc 1991). Appellant insists that the record fails to show that he filed his pro se motion more than 90 days after his delivery to custody. He speculates that his pro se motion would have been timely filed if he had been delivered to custody on or after May 19, 1991. Citing *McCoo v. State*, 1992 WL 119914, No. 17366, slip op. at 8 (Mo. App., S.D., June 5, 1992), appellant maintains that the motion court's finding of untimeliness is clearly erroneous whenever the record lacks any factual basis for that finding. Appellant seeks remand for a determination of whether his pro se motion was indeed untimely filed.

We recognize that the Southern District ordered a remand in *McCoo, id.*, because the record lacked support for the finding of the date of delivery to custody. The *McCoo* case shares some factual similarities with this case. In *McCoo*, the movant's pro se Rule 24.035 motion, which was filed on the 1988 version of Criminal Procedure Form No. 40, and his amended motion did not specify the date of delivery to custody. *Id.* slip op. at 6. The motion court dismissed without stating reasons. *Id.* slip op. at 2. After remand by the appellate court for findings, the motion court based the dismissal for untimely filing on its finding that McCoo's sentencing and delivery to custody occurred on the same date. *Id.* slip op. at 2–3. At that point, McCoo's appellate counsel filed a brief challenging the constitutionality of the time limitations. *Id.* slip op. at 3–4. *McCoo* then moved to supplement the record with documentation placing the actual date of delivery to custody two months after his sentencing and indicating the timely filing of his pro se motion. *Id.* slip op. at 4. The appellate court denied the motion to supplement be-

cause the document had not been presented to the motion court and because the issue of timeliness had not been briefed on appeal. Nevertheless, finding plain error, the appellate court again remanded the cause for determination of the correct date of McCoo's delivery to custody. *Id.* slip op. at 8–9.

Certain facts of *McCoo* differ from this case in significant respects. McCoo filed his pro se motion 52 days after the effective date of the 1990 amendment to Criminal Procedure Form No. 40 and months before the publication of the entire form in the Missouri Rules of Court. Appellant filed 16 months after the effective date and after publication of Form 40. In McCoo's case, the motion court dismissed without stating reasons. The findings after remand stated that McCoo was delivered to custody on the date of sentencing. In contrast, appellant appeared personally before the motion court and was specifically advised that his motion was untimely for failure to file within 90 days of delivery to custody. McCoo produced evidence, albeit in the improper forum, correcting the date of his delivery to custody and supporting timely filing. Appellant made no attempt to show the correct date of his delivery to custody.

■ The clearly erroneous standard governs appellate review of findings on the issue of timeliness of a postconviction motion. *Johnson v. State*, 818 S.W.2d 656, 657 (Mo.App.1991). Findings are deemed clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991).

■ When subjected to appellate review, the motion court's findings are presumptively correct. *Id.* The party contesting the correctness of the findings bears the burden of showing them to be clearly erroneous. *Turnage v. State*, 782 S.W.2d 755, 758 (Mo.App.1989). Meeting that burden presupposes presentation of a complete record on appeal, especially when the appellant contends that the record fails to sup-

port the findings. *See State v. Simms*, 810 S.W.2d 577, 583 (Mo.App.1991).

Here, the motion court found that appellant "ha[d] not filed his motion within 90 days of the date he was delivered to the department of corrections, and that his motion was not timely filed." Although appellant contests the correctness of that finding, he fails to sustain his burden under the clearly erroneous standard.

Appellant makes no showing of his inability to present to the motion court the correct date of his delivery to custody. Instead of revealing that date, appellant now relies on suggestion and speculation. Demonstration of timely filing of the pro se motion is a condition precedent to pleading a claim for postconviction relief. *See* Rule 24.035(b). The 1990 amendment to Criminal Procedure Form No. 40 requires pleading the date of delivery to custody to enable determination of timeliness from the face of the pro se motion. One seeking postconviction relief must file a pro se motion substantially in the form of the applicable Criminal Procedure Form No. 40. Rule 24.035(b). Appellant offers no explanation of why the correct date of his delivery to custody was beyond his peculiar knowledge or why the applicable Form 40 was unavailable. Crucial here is no indication of any attempt by appellant to provide the correct date although the motion court specifically advised appellant in person of the reason for dismissal for untimeliness. Even after dismissal, correction on the motion court level remains available because the motion court retains control over its judgment for 30 days after entry, and has authority to correct the judgment during that time. Rule 75.01. Under these circumstances, appellant makes no showing that a remand for yet another determination of timely filing would produce a different result or serve any useful purpose.

Appellant also fails to present a complete record on appeal. His legal file consists of his pro se pleadings, his amended motion, the order of appointment of counsel, the second page of the docket sheet in the postconviction proceedings, and the notice of appeal. Nothing in the record on appeal

shows whether any action occurred between October 28, 1991, and January 27, 1992, or whether his court appearance on January 29, 1992, was transcribed. This incomplete record lends no support to appellant's claim of clear error.

On the claim presented here, appellant establishes no definite and firm impression of mistake. He has not shown the motion court's finding of untimely filing to be clearly erroneous. Appellant failed to plead the date of his delivery to custody; he identified no preclusion from presenting the correct date to the motion court; he presented an incomplete record on appeal. We accordingly deny appellant's first point on appeal.

In his second point, appellant attacks the constitutionality of the filing deadline imposed by Rule 24.035(b) as violative of his right to due process. However, because we are constitutionally controlled by decisions of the Missouri Supreme Court, we must reject appellant's claim. *Wilson v. State*, 818 S.W.2d 723, 725 (Mo. App.1991). The time requirements of Rule 24.035 are valid, mandatory, and reasonable, and serve the legitimate end of avoiding delay in the processing of claims. *Day v. State*, 770 S.W.2d 692 (Mo. banc), *cert. denied*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Further, the time provisions of Rule 24.035(b) do not violate a movant's right to due process. *Johnson*, 818 S.W.2d at 657. We deny appellant's second point.

We affirm the judgment of dismissal.

All concur.