Charles B. SMITH, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 21021.

Missouri Court of Appeals,
Southern District,
Division Two.

June 30, 1997.

Susan L. Hogan, Office of State Public Defender, Kansas City, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Charles B. Smith (movant) was convicted following pleas of guilty to attempted forcible rape and forcible sodomy. §§ 566.030 and 566.060, RSMo Supp.1993. He thereafter filed a motion for post-conviction relief as permitted by Rule 24.035. Movant appeals the motion court's denial of that motion.

The sentences to which movant's motion is directed were imposed June 30, 1995. His Rule 24.035 motion was filed October 4, 1995. The state asserts movant waived his claim for post-conviction relief because his Rule 24.035 motion was not timely filed.

Because movant's sentences were pronounced prior to January 1, 1996, his claim for post-conviction relief is governed by the provisions of Rule 24.035 in effect on the date the motion was filed. *See* Rule 24.035(m). Rule 24.035(b), as it existed when movant's motion was filed, states:

> A person seeking relief pursuant to this Rule 24.035 shall file a motion to vacate, set aside or correct the judgment or sentence substantially in the form of Criminal Procedure Form No. 40. No cost deposit shall be required. The motion shall be filed within ninety days after the movant is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035.

The state contends movant "waived this claim"; that his Rule 24.035 motion was not timely filed. It bases that argument on the time that expired between movant's sentencing and the filing of his Rule 24.035 motion, 96 days. Neither movant's pro se motion nor his amended motion reveals the date movant was delivered to the custody of the department of corrections. This court's review of the other material included in the record on appeal does not disclose that information.

Paragraph 4(b) of Criminal Procedure Form No. 40 (amended April 10, 1990) requests "[t]he date upon which you were delivered to the custody of the department of corrections to serve the sentence you wish to challenge." This inquiry was added to Form

No. 40 by the 1990 revision. *See McCoo v. State,* 844 S.W.2d 565, 567 (Mo.App.1992), and *Lestourgeon v. State,* 837 S.W.2d 588, 590 (Mo.App.1992). Although movant's pro se motion was filed more than five years after Form No. 40 was amended to require this information, he chose to use a 1988 version of the form. The 1988 form did not require a statement of the date of delivery to the custody of the department of corrections.

The state, citing *Newman v. State,* 669 S.W.2d 617 (Mo.App.1984), points to the requirement for movant, as appellant, to provide "all of the record, proceedings and evidence necessary for the determination of all questions presented on appeal." *Id.* at 619. The state argues, "He has not provided the date of his delivery to the Department of Corrections so this court may draw an adverse inference and presume that he was delivered on the same day that he was sentenced." It cites *Lestourgeon, supra,* as authority for its argument.

The appellant in *Lestourgeon* was sentenced May 13, 1991. He filed his Rule 24.035 motion August 19, 1991. He used the 1988 version of Form No. 40 and, accordingly, did not state the date he was delivered to the custody of the department of corrections. The court in *Lestourgeon* pointed out that the motion was "filed 16 months after the effective date and after publication [of the 1990 revision] of Form 40." 837 S.W.2d at 590. *Lestourgeon* also pointed out that the appellant appeared personally before the motion court and was told his motion was untimely because it was not filed within 90 days after his delivery to the department of corrections; that after that admonition, he "made no attempt to show the correct date of his delivery to custody." *Id.*

*Lestourgeon* held:

Demonstration of timely filing of the pro se motion is a condition precedent to pleading a claim for postconviction relief. *See* Rule 24.035(b). The 1990 amendment to Criminal Procedure Form No. 40 requires pleading the date of delivery to custody to enable determination of timeliness from the face of the pro se motion. One seeking postconviction relief must file a pro se motion substantially in the form of

the applicable Criminal Procedure Form No. 40. Rule 24.035(b). Appellant offers no explanation of why the correct date of his delivery to custody was beyond his peculiar knowledge or why the applicable Form 40 was unavailable.

*Id.* at 591. The court in *Lestourgeon* dismissed the appeal pointing out, "Appellant failed to plead the date of his delivery to custody; he identified no preclusion from presenting the correct date to the motion court; . . . ." *Id.*

In *McCoo, supra,* decided before *Lestourgeon* but reported in a subsequent volume of South Western Reporter, this court reversed an order denying a Rule 24.035 motion based on plain error review of a finding that the motion was untimely when the record did not disclose the date of delivery to custody of the department of corrections. In *McCoo* the movant filed his pro se motion June 1, 1990, 52 days after the 1990 amendment of Form 40 and before the amended form was published in the 1991 edition of Missouri Rules of Court.

Additionally, McCoo filed a series of motions with this court seeking to "supplement" his brief, to supplement the record on appeal with a purported commitment record of the department of corrections, and requesting his case be remanded to the motion court for factual findings regarding his date of delivery to the department of corrections. Based on the unique facts in *McCoo,* this court reversed the motion court's order denying relief and remanded the case for further proceedings.

■ The facts of this case are more akin to those in *Lestourgeon.* Form 40 was revised more than five years before movant's pro se motion was filed. It had been published in Missouri Rules of Court for four successive years. Additionally, the state raised the issue of the lack of timeliness of the motion in its Respondent's Brief filed in this court. Movant did not respond to the state's argument. This court holds movant's pro se motion was not timely filed.

■ The time requirements of Rule 24.035 are mandatory. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc), *cert. denied,* 493 U.S.

866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Failure to comply with filing requirements of Rule 24.035 constitutes a complete waiver of any right to proceed under Rule 24.035. *Suman v. State,* 783 S.W.2d 525, 526 (Mo.App. 1990). "Because [movant] waived his right to avail himself of Rule 24.035 by his untimely filing, the motion court improvidently entertained the merits of his motion which should have been dismissed." *Id.* The order of the motion court denying movant's motion is vacated, and the case is remanded to the motion court with a directive to dismiss it. *Phillips v. State,* 924 S.W.2d 318, 319 (Mo. App.1996).

MONTGOMERY, C.J., and CROW, P.J., concur.