**Henry M. ALLMON, Jr. Appellant,**

**v.**

**STATE of Missouri, Respondent.**

No. 72852.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 28, 1998.

Dave Hemingway, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Jefferson City, for respondent.

RICHARD B. TEITELMAN, Judge.

Movant Henry Allmon[1] appeals from the judgment summarily dismissing his Rule 24.035 motion for failure to prosecute. We reverse and remand.

On October 5, 1987, the State filed two informations charging Movant with crimes. In Cause No. 567314, the State charged Movant with possession of a controlled substance. In Cause No. 567315, Movant was charged with carrying a concealed weapon. The next day the State filed a third information in Cause No. 567638, charging Movant with a second count of possession of a controlled substance. Movant subsequently pled guilty to the three charges against him. The plea court sentenced Movant to one year of imprisonment for the charge of carrying a concealed weapon. The court suspended imposition of sentence for the two charges of possession of a controlled substance and placed Movant on probation for five years.

On September 19, 1994, Movant appeared for a probation revocation hearing in Cause No. 567314 and 567638 (and another charge in Cause No. 544495, which is not a subject in this appeal). At that time, Movant admitted he had violated his probation and agreed it should be revoked. Pursuant to an agreement with the State, the court revoked Movant's probation and sentenced him to concurrent terms of seven years imprisonment in the Missouri Department of Corrections, but sentenced him according to Section 559.115, RSMo 1994, allowing the court to reconsider probation after Movant served 120 days. On February 21, 1995, the court released Movant on probation pursuant to Section 559.115. The court later revoked this probation.

Before he was released on the second probation, Movant filed a *pro se* Rule 24.035 motion for post-conviction relief on January 24, 1995 to challenge his convictions for possession of a controlled substance in Cause Nos. 567314 and 567638 (and the unrelated charge in Cause No. 544495). He used an outdated Form 40 to file his *pro se* motion and did not allege a date of delivery to the Missouri Department of Corrections. He attached to the motion an *in forma pauperis* affidavit, swearing he was indigent and unable to pay any costs or fees.

On February 17, 1995, the motion court ordered the Office of the State Public Defender to represent Movant. On March 28, 1995, Assistant Public Defender Michael Kramer filed a motion requesting an extension for filing an amended motion or an order amending the appointment of counsel until the transcripts were filed. The motion asserted that the court reporter had not yet transcribed the guilty plea hearing.

On March 28, 1995, the motion court entered an order suspending the appointment of counsel to represent Movant until the transcripts from the underlying cases were filed. On May 11, 1995, the motion court entered an order to compel transcription of the underlying cases. There is nothing in the legal file to indicate the transcripts were ever filed or that counsel was actually reappointed to represent Movant. No amended motion was ever filed. The court made no further entries in the matter until May 14, 1997 when the motion court set the case for June 4, 1997. On that date, the court entered an order dismissing the motion for failure to prosecute. Movant's previously appointed counsel, Michael Kramer, signed the order of dismissal. This appeal followed.

 We must affirm the ruling of the motion court unless its findings and conclusions are clearly erroneous. Rule 24.035(k); *Meyer v. State*, 854 S.W.2d 69, 70 (Mo.App. E.D.1993). The findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *State v. Driver*, 912 S.W.2d 52, 54 (Mo. banc 1995).

In his appeal, Movant contends the motion court clearly erred in dismissing Movant's Rule 24.035 motion for failure to prosecute because the record does not show he was represented by post-conviction counsel required by Rule 24.035(e). We agree.

---

1. Movant's first name is spelled incorrectly in numerous places throughout the legal file. It is frequently spelled "Henery," and in at least one instance is spelled "Henerey." Additionally, his middle initial and "Jr." are frequently omitted from his name.

■ Rule 24.035(e) provides that: "When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant." It also states that if new counsel is permitted to withdraw, "the court shall cause new counsel to be appointed." In the case at hand, the motion court did initially appoint counsel. However, that appointment was suspended and the record fails to show the motion court appointed new counsel to represent Movant. Rule 24.035 requires that the motion court appoint counsel for an indigent *pro se* movant. *Luleff v. State,* 807 S.W.2d 495, 497 (Mo. banc 1991). Therefore, the motion court erred in dismissing Movant's motion without appointing new counsel for him and requiring that counsel satisfy the duties imposed on him or her by Rule 24.035. *See, Fields v. State,* 572 S.W.2d 477, 483 (Mo. banc 1978); *State v. Wendleton,* 936 S.W.2d 120, 124 (Mo.App. S.D.1996).

Public Defender Michael Kramer signed the order of dismissal, implying he represented Movant. However, there is nothing in the record to show he was reappointed. Even assuming that Movant was represented at the proceeding in which his motion was dismissed, the motion court failed to inquire into the performance of counsel to determine why no amended motion was filed. Under the circumstances in this case, the motion court should have at least inquired into the performance of counsel and Movant. *See, Luleff,* 807 S.W.2d at 498; *Riley v. State,* 945 S.W.2d 21 23 (Mo.App. E.D.1997). There is nothing in the record before us that indicates the court made this inquiry.

■ The State argues that the motion court did not clearly err in dismissing the motion because it was an untimely *pro se* motion. According to Rule 24.035(b) (1995), Movant's motion should have been filed within ninety days after his delivery to the department of corrections. The State incorrectly calculates the ninety days from the date of Movant's sentencing, instead of the date of his delivery to the department of corrections. *See, Thomas v. State,* 808 S.W.2d 364, 365–66 (Mo. banc 1991). There is no information in the record to show when Movant was delivered into custody to determine whether or not his motion is timely.

While Movant's *pro se* motion failed to include an allegation regarding the date of delivery, Rule 24.035 allows Movant to file an amended motion if necessary. Rule 24.035(e). He may correct this oversight regarding the date of delivery with an amended motion filed by his appointed counsel.

Movant's point is granted. Therefore, we reverse and remand for further proceedings consistent with this opinion on this motion for the underlying charges in Cause No. 567314 and Cause No. 567638. Upon remand, the motion court shall appoint new counsel for Movant and provide the opportunity for Movant to amend his Rule 24.035 motion.

CRAHAN, P.J., and JAMES R. DOWD, J., concur.