Bobby G. **ALLEN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 55666.**

Missouri Court of Appeals,
Western District.

Jan. 26, 1999.

Rosemary E. Percival, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for Respondent.

Before Chief Judge BRECKENRIDGE, Presiding, Judge JAMES M. SMART and Judge LAURA DENVIR STITH.

LAURA DENVIR STITH, Judge.

The motion court dismissed Mr. Allen's Rule 29.15 motion for post-conviction relief as untimely because it failed to show on its face that it was filed within 90 days of the date the court of appeals issued its mandate affirming his conviction. Mr. Allen appeals, alleging that his motion was timely filed within 90 days of our mandate, that the court's own file contained the mandate so indicating, that the court had given him an outdated copy of Form 40 which did not require him to also enter the mandate date on the form itself, and that the court gave him no chance to amend the motion to allege the date of the mandate and failed to appoint counsel who could have filed an amended motion to that effect. Finding that the trial court erred in not giving Mr. Allen an opportunity to file an amended motion, we reverse and remand for further proceedings.

Mr. Allen was found guilty of stealing on May 21, 1996, and on September 6, 1996, was sentenced to 10 years in prison. At the time of sentencing, the court informed Mr. Allen that, if he believed his attorney had not properly represented him, and if his conviction were affirmed, he could present these claims in writing to the court within 90 days after the appellate court issued its mandate. He told Mr. Allen that Form 40 would be made available to him, and further specifically told him:

> The Court: And finally, after you file this, we will appoint counsel for you if you cannot afford a lawyer, okay? And that lawyer that's appointed for you may amend your motion with your approval. So, you'll be working with a lawyer who will use legalese in lieu of your statement if you two agree that is advantageous and protective of your interests. Does that make sense to you?

> Defendant: Somewhat, sir. You used some big words that I do not understand, but I will learn—learn them.

> The Court: Okay, I'm sorry. We're going to appoint a lawyer for you and the lawyer is going to read through whatever you write.

> Defendant: All right.

> The Court: And if that lawyer determines that it's advisable to use legalese, then he or she should contact you and explain that to you, and then if you two agree, he or she should file an amended motion . . .

Mr. Allen's convictions were affirmed by this Court on August 19, 1997, and on September 10, 1997, we issued our mandate. Pursuant to Rule 29.15, Mr. Allen had 90 days from the latter date in which to file a motion for post-conviction relief under Rule 29.15. The record does not reveal where or how Mr. Allen obtained a Form 40. It does show, however, that he filed his *pro se* motion on October 9, 1997, less than a month after we issued our mandate. This was, of course, well within the 90–day period allowed for filing such a motion.

Unfortunately, the version of Form 40 which Mr. Allen obtained and filed did not anywhere require him to state the date on which our mandate was issued. This information was therefore not contained on the form, although, obviously, our mandate itself stated that it had been issued on September 10, 1997. Mr. Allen also checked the box on the form stating that he was seeking leave to proceed *in forma pauperis*, and signed and filed an *in forma pauperis* affidavit, although he failed to fill in any details in support of it. The affidavit was attached to the post-conviction motion.

The court never ruled on Mr. Allen's request to proceed *in forma pauperis*, never appointed counsel, and never informed Mr. Allen of any deficiencies in his motion. On February 6, 1998, nearly four months after it was filed, the court dismissed the motion on the basis that it failed to state the date on which the mandate was issued. The court further stated that, since the only date men-

tioned was the sentencing date of September 6, 1996, the court would use that as the date by which to measure the timeliness of the motion, and if measured by that date, the motion was clearly untimely.

Mr. Allen appeals. Our review of the motion court's denial of post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law were clearly erroneous. 29.15(j); *Leisure v. State*, 828 S.W.2d 872, 873–74 (Mo. banc), *cert. denied*, 506 U.S. 923, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992). Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.*

Rule 29.15 states in relevant part:

(b) A person seeking relief pursuant to this Rule 29.15 shall file a motion to vacate, set aside or correct the judgment or sentence substantially in the form of criminal procedure Form No. 40. If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within ninety days after the date the mandate of the appellate court is issued.

. . . .

(e) When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims.

Rule 29.15.

Mr. Allen argues that his motion was substantially in the form of Criminal Procedure Form 40, since it was filed on the version of Form 40 in use prior to 1990, and since it contained all necessary information except the date of the mandate. While it is defendant's burden to show that his motion is timely, *Gladden v. State*, 966 S.W.2d 314, 315 (Mo.App.1998), nothing in the rule requires dismissal of the motion if the showing of timeliness is not made in the *pro se* Form 40 itself, but rather is made based on other aspects of the record, or is included in an amended Form 40 filed by counsel. To the contrary, at the sentencing hearing, the court specifically told Mr. Allen that counsel would be appointed for him if he could not afford one, and that counsel would read over his *pro se* motion and would file an amended motion which would add any necessary "legalese."

On these facts, we are firmly convinced that the trial court abused its discretion in dismissing Mr. Allen's post-conviction motion. The court's own file contained a copy of this Court's mandate, and a review of the mandate would have showed that Mr. Allen had filed his motion within 30 days of the mandate's issuance. Moreover, Mr. Allen was led to believe at his sentencing hearing that counsel would be appointed for him and that counsel would be given the opportunity to file an amended motion which would correct any errors which he had made due to his unfamiliarity with the legal process.

In similar circumstances, prior cases have recognized that failure of the *pro se* motion to allege dates essential to show whether the motion is timely can be corrected at a hearing or by the filing of an amended motion. Particularly applicable are *McCoo v. State*, 844 S.W.2d 565 (Mo.App.1992), and *Allmon v. State*, 973 S.W.2d 163 (Mo.App.1998).

In *McCoo*, similarly to here, movant had filed his Form 40 on an outdated form which did not provide a place for indicating the date the movant was delivered to the department of corrections, and thus the form did not contain this information. He was appointed counsel who filed an amended motion, but it also failed to state the date of delivery to the department of corrections. The motion did state that the movant was convicted on January 26, 1990, and thus the court below ruled as if that were the date on which movant was also transported to the department. Since the motion was filed more than 90 days after the date of conviction, the motion court held it was untimely and dismissed it.

The appellate court reversed. It found that denial of the post-conviction motion on

the basis of untimeliness constituted a manifest injustice where, as there, nothing in the record supported the court's assumption that Mr. McCoo had been delivered to the department of corrections on the day of his conviction. It therefore reversed and remanded for further proceedings and ordered that, on remand, the movant should be permitted to offer proof as to the date of his delivery to the department of corrections. *McCoo,* 844 S.W.2d at 567–69.

In *Allmon,* defendant also filed an outdated Form 40 and therefore failed to state the date of delivery to the department of corrections. In addition, the motion court failed to appoint counsel to represent him below. The appellate court reversed due to the court below's failure to appoint counsel, noting that such an appointment is required for an indigent litigant. It further rejected the State's argument that remand for such an appointment was unnecessary since the *pro se* motion failed to affirmatively state the date of delivery to the department of corrections. In so doing, it noted that, while the record was silent as to the date of delivery, movant was entitled to file an amended motion and it could be used to correct this oversight. *Allmon,* 973 S.W.2d at 165.

The State asks us to ignore these cases, and to instead affirm the dismissal of Mr. Allen's motion based on *Lestourgeon v. State,* 837 S.W.2d 588 (Mo.App.1992), which it says provides the guiding principles for this case. We agree that *Lestourgeon* is relevant, but find that it, like *McCoo* and *Allmon,* supports remand to allow Mr. Allen to correct the deficiencies in his motion. Indeed, *Lestourgeon* agreed with the result in *McCoo;* it just found the facts before it did not merit relief under the principles set out in *McCoo.* Specifically, in *Lestourgeon,* as in *McCoo* and *Allmon,* the movant had used an outdated version of Form 40 and therefore had failed to indicate his date of delivery to the department of corrections. Also like in *McCoo,* movant had been given an opportunity to file an amended motion, which also failed to al-

lege a delivery date. Unlike in *McCoo,* however, in *Lestourgeon,* the defendant had been given an opportunity to appear in person and to offer evidence of the correct date of his delivery to the department, but had failed to do so, either at the hearing or within the 30 days thereafter that the motion court retained control of its judgment. It was this failure, combined with the lack of any explanation why movant could not have informed the court as to the correct delivery date, that led the appellate court to affirm dismissal of his motion as untimely. *Lestourgeon,* 837 S.W.2d at 590–91.

The State also relies on *Marschke v. State,* 946 S.W.2d 10, 10–11 (Mo.App.1997), which is distinguishable in that there, unlike here, the motion court appointed counsel, and counsel filed an amended motion which also failed to allege the date of the movant's delivery to the department of corrections. In addition, we noted that the legal file contained no information as to when he was delivered to the department of corrections. In the absence of some evidence of the delivery date, we held that dismissal was proper because movant failed to plead or prove that the motion was timely. *See also, Martin v. State,* 895 S.W.2d 602, 604 (Mo.App.1995) (holding that motion court erred in dismissing a *pro se* motion as untimely where it alleged a sentencing date within 90 days of date of filing, and even though state claimed delivery date was more than 90 days earlier, proper procedure was to hold a hearing on the issue of timeliness, not to dismiss).

Here, as in *Allmon,* counsel was never appointed for Mr. Allen, and indeed, so far as the record shows, the court below never ruled on his request to proceed on the motion *in forma pauperis,* although the court did later approve his appeal *in forma pauperis.* Therefore, no counsel was appointed,[1] and he thus never had the opportunity to file an amended motion setting forth the date we issued our mandate. Yet, the motion court ruled that the motion was untimely, without

---

1. We need not rule whether Mr. Allen's affidavit of poverty was sufficient to require an appointment of counsel, or whether the court would have been justified in denying the request, however, since, where, as here, the record is silent as

to the date the 90 days began to run, a defendant should be entitled to present proof of the date of the mandate to make up for any pleading deficiencies. *Allmon,* 973 S.W.2d at 165.

giving him an opportunity to show otherwise, and in so doing explicitly stated that he would assume the mandate date was the date of conviction, since that was the only date mentioned in the motion. Nothing in the record supported this assumption; the problem with the motion was the lack of assertion of a date the mandate was issued, not the assertion of an untimely date for the mandate. This is the type of factually unsupported assumption which led *McCoo* to remand for a hearing on the issue of untimeliness.

Moreover, here, unlike in *McCoo* and the other cited cases, even without a hearing, the court could determine when the mandate was issued and whether the motion was timely, for the mandate was directed to the very judge who was ruling on the post-conviction motion, and the court's own records showed that our mandate had been issued within a month of the date that the movant filed his *pro se* motion. Finally, movant brought this issue to the motion court's attention within 30 days of his ruling, and supplied him with a copy of the mandate, yet the court refused to reconsider its ruling. A copy of the mandate is also contained in the legal file in this Court.

For these reasons, we hold that the motion court erred in dismissing the motion without permitting Mr. Allen to either file an amended motion setting forth the date of the mandate, or allowing him to present other proof of the date of the mandate. We remand with directions that the court appoint counsel for Mr. Allen, allow counsel to file an amended motion, and proceed accordingly.

Chief Judge BRECKENRIDGE, Presiding, and Judge JAMES M. SMART, concur.