**Henry M. ALLMON, Jr., Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 75519.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 8, 1999.

S. Paige Canfield, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen Pope Butler, Asst. Atty. Gen., Jefferson City, for respondent.

Before HOFF, P.J. and GARY M. GAERTNER, J. and MARY RHODES RUSSELL, J.

## ORDER

PER CURIAM.

Movant appeals from the judgment dismissing his Rule 24.035 motion for post-conviction relief as untimely.[1] He acknowledges that his motion was filed out of time, but he challenges the constitutionality of the Rule 24.035 time requirements.

We have reviewed the briefs of the parties and the record on appeal and conclude that the trial court's determination is not clearly erroneous. Rule 24.035(k). The Missouri Supreme Court has held that the time limits in Rule 24.035 are constitution-

---

1. Movant previously appealed a judgment summarily dismissing his Rule 24.035 motion for failure to prosecute. In that case, this Court reversed and remanded for appointment of new counsel and an opportunity for Movant to amend his Rule 24.035 motion to allege a date of delivery to the Department of Corrections. *Allmon v. State,* 973 S.W.2d 163 (Mo.App. E.D.1998).

al and mandatory. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied sub nom. Walker v. Missouri,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). An extended opinion would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).