

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| PAMELA D. RAMSEY, | ) | ED100296 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| v. | ) | |
| | ) | 1322-CC00677 |
| | ) | |
| | ) | Honorable Thomas J. Frawley |
| STATE OF MISSOURI, | ) | |
| | ) | FILED: August 19, 2014 |
| Respondent. | ) | |

## Introduction

Pamela D. Ramsey (Movant) appeals the motion court's judgment denying her *pro se* Rule 24.035 Motion to Vacate, Set Aside, or Correct the Judgment or Sentence (Rule 24.035 motion). We reverse and remand with instructions to the motion court to appoint counsel and provide Movant with the opportunity to amend her motion.

## Background

On December 29, 2009, Movant was charged by indictment with three counts of the class C felony of burglary in the second degree (Counts 1, 3, and 5) and three counts of the class C felony of stealing over $500 (Counts 2, 4, and 6). All charges arose out of events that had occurred on November 23, 2009. Movant was also charged as a prior offender.

On March 9, 2010, Movant pled guilty to all counts. On April 28, 2010, the trial court suspended imposition of sentence, placed Movant on probation for two years, ordered Movant to

1

complete a program at the Community Wellness project, entered a $46 judgment against Movant for the crime victims compensation fund (CVCF), and waived costs. On March 15, 2012, the trial court extended Movant's term of probation to allow her time to pay the $46 CVCF. On November 30, 2012, the trial court found Movant in violation of the terms of her probation, specifically having committed a laws violation. The trial court revoked Movant's probation and sentenced her to seven years' imprisonment on each count, with Counts 1 and 2 to be consecutive for a total of fourteen years in the Missouri Department of Corrections.

On March 19, 2013, Movant filed her timely *pro se* Rule 24.035 motion, wherein she alleged ineffective assistance of counsel and an improper probation revocation. Movant also filed a Forma Pauperis Affidavit with her motion. On June 24, 2013, the Public Defender's Office on its own volition entered their appearance on Movant's behalf prior to appointment by the motion court and requested additional time to file an amended motion. The motion court never in fact appointed counsel for Movant and never allowed the Public Defender's Office an extension to amend Movant's *pro se* motion.

On July 11, 2013, the court entered an Order and Judgment denying Movant's *pro se* Rule 24.035 motion. In justifying its decision not to appoint counsel for Movant, the motion court explained:

> The Court does not believe justice is served by the routine appointment of counsel for a movant who files pro se a motion to vacate, set aside or correct judgment and sentence pursuant to Rule 24.035 where, as herein, the record is clear that movant's plea was knowing and voluntary . . .

The motion court thereby denied Movant's request for appointment of counsel, her request for an evidentiary hearing, and ultimately, her Rule 24.035 motion. This appeal follows.

2

## Discussion

Our review of a denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). See Weeks v. State, 140 S.W.3d 39, 44 (Mo. banc 2004). Findings and conclusions are clearly erroneous if and only if, after review of the record, we are left with the definite and firm impression that a mistake has been made. Weeks, 140 S.W.3d at 44.

Rule 24.035(e) provides: "When an indigent movant files a *pro se* motion, the court shall cause counsel to be appointed for the movant." The requirement to appoint counsel for an indigent *pro se* movant is mandatory. Luleff v. State, 807 S.W.2d 495, 497 (Mo. banc 1991); Wilson v. State, 415 S.W.3d 727, 728 (Mo.App. S.D. 2013); Allmon v. State, 973 S.W.2d 163, 165 (Mo.App. E.D. 1998). See Fields v. State, 572 S.W.2d 477, 481-83 (Mo. banc 1978) (determining that case-by-case appointment of counsel was grossly unsatisfactory and adopting the per se rule that appointment of counsel was required for all indigent postconviction movants). A motion court that dismisses a *pro se* Rule 24.035 motion without appointing counsel commits clear error. Allmon, 973 S.W.2d at 165.

Here, the parties do not dispute that Movant's *pro se* Rule 24.035 motion and indigency affidavit were timely filed and that the motion court failed to appoint counsel. The State agrees with Movant that the motion court erred in ruling on the merits of the Rule 24.035 motion without first appointing counsel, and the State asserts, "This Court should reverse the judgment of the motion court and instruct the court to appoint counsel on remand."

We agree with both parties and find that the motion court clearly erred in failing to appoint counsel for Movant before ruling on her *pro se* Rule 24.035 motion. This point is granted. Accordingly, we reverse the motion court's judgment and remand with instructions to

the motion court to appoint counsel and provide Movant with the opportunity to amend her

motion in accordance with Rule 24.035(e) and (g).

Gary M. Gaertner, Jr., Judge

Kurt S. Odenwald, P.J., concurs.
Robert G. Dowd, J., concurs.

4