

# In the Missouri Court of Appeals
# Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| ALLEN D. GILES, | ) | No. ED106555 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Audrain County |
| | ) | 13AU-CC00026 |
| v. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Wesley Clay Dalton |
| | ) | |
| Respondent. | ) | Filed: April 16, 2019 |

## Introduction

Allen D. Giles (Movant) appeals from the motion court's judgment denying his pro se Rule 29.15[1] Motion to Vacate, Set Aside, or Correct Judgment or Sentence (Rule 29.15 motion). On appeal, he argues the motion court clearly erred by denying Movant's motion without appointing counsel, as required by Rule 29.15(e). We reverse and remand with instructions to the motion court to appoint counsel for Movant.

## Background

After a bench trial, the trial court convicted Movant of one count of statutory rape in the first degree, in violation of Section 566.032,[2] and one count of statutory sodomy in the first degree, in violation of Section 566.062. The trial court sentenced Movant to life imprisonment for each

---

[1] All rule references are to Mo. R. Crim. P. (2018), unless otherwise indicated.

[2] All statutory references are to RSMo. (Cum. Supp. 2006), unless otherwise noted.

count, to be served consecutively. This Court affirmed his conviction and sentence on appeal. *State v. Giles*, 391 S.W.3d 909 (Mo. App. E.D. 2013).

On April 26, 2013, Movant filed a timely pro se Rule 29.15 motion for post-conviction relief, and he filed a Forma Pauperis Affidavit with his motion. The motion court granted his request to proceed in forma pauperis on May 17, 2013. The motion court did not appoint counsel for Movant, but in a docket entry dated April 3, 2017, the court dismissed Movant's pro se Rule 29.15 motion. This appeal follows.

Discussion

In his sole point on appeal, Movant argues the motion court erred in denying his Rule 29.15 motion without first appointing counsel, as is required by Rule 29.15(e). We agree.

We review the motion court's denial of post-conviction relief for whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *McFadden v. State*, 553 S.W.3d 289, 298 (Mo. banc 2018).

Rule 29.15(e) provides that when an indigent movant files a pro se motion, "the court shall cause counsel to be appointed for the movant." In accordance with the specific language of this rule, the requirement to appoint counsel for indigent, pro se movants is mandatory. *See Ramsey v. State*, 438 S.W.3d 521, 522 (Mo. App. E.D. 2014); *see also Kasparie v. State*, 520 S.W.3d 808, 809 (Mo. App. S.D. 2016) (motion court's failure to appoint counsel for indigent, pro se movant was clearly erroneous). Here, the motion court determined Movant to be indigent but did not appoint him counsel. The State concedes the motion court clearly erred in denying the Rule 29.15 motion without first appointing Movant counsel.

We agree with both parties and find the motion court clearly erred in failing to appoint counsel for Movant before denying his pro se motion. *See* 29.15(k). Movant's point is granted.

2

<u>Conclusion</u>

Accordingly, we reverse the motion court's judgment and remand with instructions for the motion court to appoint Movant counsel.

_____
Robin Ransom, J.

Sherri B. Sullivan, P.J., and
James M. Dowd, J., concur.

3