

# In the
# Missouri Court of Appeals
# Western District

TRAVIS CLUNIE,

                **Appellant,**

v.

STATE OF MISSOURI,

                **Respondent.**

**WD82218**

**OPINION FILED:**

**August 27, 2019**

---

**Appeal from the Circuit Court of Pettis County, Missouri
The Honorable Robert Lawrence Koffman, Judge**

**Before Division Three:
Gary D. Witt, P.J., Edward R. Ardini, and Thomas N. Chapman, JJ.**

**Summary**

Travis Clunie (Clunie) appeals from the judgment of the Circuit Court of Pettis County denying his motion for post-conviction relief. In his sole point on appeal, Clunie argues that the motion court erred by finding that he was indigent but denying his initial 29.15(b) post-conviction motion without appointing counsel as required by Supreme Court Rule 29.15(e). We reverse and remand.

**Factual and Procedural Background**

A Pettis County jury found Clunie guilty of sodomy in the first degree in December of 2016; and judgment was subsequently entered sentencing him to thirty years imprisonment in the Missouri Department of Corrections. Clunie appealed that judgment to this Court and we affirmed, issuing our mandate on July 5, 2018. *State v. Clunie*, 548 S.W.3d 919 (Mo. App., W.D. 2018). On July 9, 2018, Clunie, pro se, timely filed his initial motion to vacate, set aside, or correct the judgment, including a motion to proceed in forma pauperis. One week later, the motion court issued a signed order, in which it found Clunie indigent, but did not appoint him counsel. The order denied his initial 29.15(b) post-conviction motion, finding he was "not entitled to relief as a matter of law."[1] This appeal followed.[2]

**Discussion**

In his only point on appeal, Clunie argues that the motion court erred when it concluded that he was indigent but denied his motion for post-conviction relief without appointing counsel as required by Rule 29.15(e).[3] We agree.

Our review of a motion court's denial of a motion for post-conviction relief is restricted to determining whether the findings of fact or conclusions of law of the motion court are clearly erroneous. Rule 29.15(k). We will overrule the motion court only if we are left with a "definite

---

[1] The order, in its entirety, stated as follows: "Comes now the Court and finds the movant to be indigent. He is allowed to file in forma pauperis; the Court finds that movant has alleged facts cognizable under Supreme Court Rule 29.15. He is not entitled to relief as a matter of law. The motion is denied."

[2] The Court recognizes that for a judgment to be final (and thus appealable), three elements must usually be present: "a writing, signed by the judge, and denominated as a judgment." *Watson v. State*, 545 S.W.3d 909, 911 (Mo. App. W.D. 2018). However, we held in *Watson* that a docket entry which is "neither signed by a judge nor denominated a judgment" is nevertheless "a final judgment for purposes of appeal" in the context of post-conviction relief motions. *Id*. at 913.

[3] Pursuant to Rule 29.15(m) we use the provisions of Rule 29.15 in effect on December 31, 2017.

2

and firm impression that a mistake has been made." *McFadden v. State*, 553 S.W.3d 289, 298 (Mo. banc 2018) (quoting *Gittemeier v. State,* 527 S.W.3d 64, 67-68. (Mo. banc 2017)).

In the present case, the motion court's order determined that Clunie was indigent, while conclusively ruling that he was not entitled to relief as a matter of law and denying his motion. This ruling by the motion court violated Rule 29.15(e), which provides, in pertinent part, that "[w]hen an indigent movant files a pro se motion, the court *shall* cause counsel to be appointed for the movant." *Id*. (emphasis added). By the plain language of the rule, appointment of counsel for indigent, pro se movants is mandatory. *Giles v. State,* 572 S.W.3d 137, 138 (Mo. App. E.D. 2019). As it did in *Giles*, the State agrees with the movant that the motion court clearly erred. *Id*. We echo the *Giles* Court in finding that "the motion court clearly erred in failing to appoint counsel for Movant before denying his pro se motion." *Id*. Clunie's point is granted.

## Conclusion

We reverse the motion court's judgment denying Clunie's motion and remand with instructions for the motion court to appoint Clunie counsel.

/s/ *Thomas N. Chapman*

Thomas N. Chapman, Judge

All concur.