

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| JOHN DODD JACKSON, JR., | ) | No. ED107664 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the St. Louis County |
| | ) | Circuit Court |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Maura B. McShane |
| | ) | |
| Respondent/Respondent. | ) | Filed:  April 7, 2020 |

### Introduction

John Dodd Jackson, Jr. (Appellant) appeals from the motion court's judgment overruling his amended Rule 24.035[1] motion for post-conviction relief which sought to set aside his guilty pleas to one count of first-degree child molestation in Case No. 09SL-CR02858-01 and three counts of first-degree child molestation in Case No. 15SL-CR00495-01.  Appellant alleged no facts in either his *pro se* or amended post-conviction relief motion that his *pro se* motion was timely filed or the untimely filing fell into a recognized exception.  Accordingly, we vacate the judgment of the motion court and remand the cause to the motion court with directions to enter an order dismissing Appellant's motion with prejudice.

---

[1] All rule references are to Mo. R. Crim. P. (2016) unless otherwise indicated.

<u>Procedural Background</u>

Appellant pleaded guilty to one count of first-degree child molestation in Case No. 09SL-CR02858-01 in 2010. He was sentenced to seven years in the Missouri Department of Corrections (DOC); however, his sentence was suspended and he was placed on five years of probation.

Appellant was charged in March 2015 with three counts of first-degree child molestation in Case No. 15SL-CR00495-01. He pleaded guilty to all three counts in August 2015 and the trial court scheduled Appellant to be sentenced in October 2015. On October 16, 2015, the trial court sentenced Appellant to concurrent twenty-five-year sentences in the DOC on each count. On the same date, Appellant waived his probation revocation hearing in Case No. 09SL-CR02858-01 and was sentenced to the previously imposed sentence of seven years in the DOC, to run concurrent to the sentence imposed in Case No. 15SL-CR00495-01.

Appellant filed his *pro se* motion for post-conviction relief pursuant to Rule 24.035 on April 19, 2016. In his motion, regarding the date in which he was delivered to the DOC to serve his sentence, Appellant stated he was "[n]ot sure of exact date but it was after 10/16[.]" The guilty plea and sentencing transcripts were filed on May 4, 2016. On June 14, 2016, the public defender's office entered its appearance on Appellant's behalf and requested an additional thirty days to file an amended motion for post-conviction relief. The trial court granted Appellant's request for an extension on June 15, 2016.

On August 16, 2016, privately retained defense counsel (private counsel) entered his appearance on behalf of Appellant. The public defender's office filed a motion to withdraw, which the motion court granted on August 25, 2016. Private counsel filed an amended motion for post-conviction relief on Appellant's behalf on September 9, 2016. The amended motion did

not contain any factual allegations as to the date Appellant was delivered to the DOC, but rather stated, "On April 19, 2016, Movant timely filed his Rule 24.035 initial motion to vacate, set aside or correct the judgments or sentences in the form of Criminal Procedure Form No. 40…." Due to the retirement of the judge who presided over the plea and sentencing of Appellant, the case was reassigned to the motion court judge on September 14, 2016.

An evidentiary hearing was held on Appellant's amended motion for post-conviction relief on August 27-28, 2018. The record was left open, and the deposition of Appellant's original defense counsel was held on November 30, 2018, and submitted to the motion court as part of the record. On December 18, 2018, the motion court entered an order denying Appellant's post-conviction motion. The motion court entered its findings of fact and conclusions of law on January 25, 2019, addressing the merits of Appellant's motion. The motion court found Appellant failed to establish both that he was not competent to plead guilty and that he received ineffective assistance of counsel. This appeal follows.

Point Relied On

Appellant claims the motion court clearly erred in denying his amended motion for post-conviction relief because he established by a preponderance of the evidence that counsel's representation was ineffective and fell below the objective reasonableness standard because counsel failed to investigate Appellant's competency to ensure his plea would be knowing, intelligent, and voluntary.

Discussion

Before we are able to reach the merits of Appellant's amended motion, we must first address the State's contention that Appellant's appeal should be dismissed because his *pro se* post-conviction motion was not timely filed in that neither Appellant's *pro se* nor amended

motion for post-conviction relief alleged the specific date Appellant was delivered to the DOC. The State first raised the issue of lack of timeliness on appeal in its brief, and as a result the motion court did not consider it. Despite the issue being raised for the first time on appeal, the State cannot waive noncompliance with the time limit in Rule 24.035, and "even if the State does not raise the issue, it is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules." Roberts v. State, 407 S.W.3d 89, 92 (Mo. App. W.D. 2013), quoting Dorris v. State, 360 S.W.3d 260, 268 (Mo. banc 2012) (internal quotations omitted).

*Timeliness of Post-Conviction Motion*

Under Rule 24.035, a motion to vacate, set aside, or correct the judgment or sentence must substantially conform to Criminal Procedure Form No. 40 and must be filed within 180 days of the date the person is delivered to the DOC. Rule 24.035(b). Paragraph 4(b) of Criminal Procedure Form No. 40 requests "[t]he date upon which you were delivered to the custody of the department of corrections to serve the sentence you wish to challenge." "…Criminal Procedure Form No. 40 requires pleading the date of delivery to custody to enable determination of timeliness from the face of the *pro se* motion." Marschke v. State, 946 S.W.2d 10, 11 (Mo. App. W.D. 1997), quoting Lestourgeon v. State, 837 S.W.2d 588, 591 (Mo. App. W.D. 1992) (internal quotations omitted).

"[A] movant seeking post-conviction relief 'must allege facts establishing that the motion is timely filed.'" Hall v. State, 528 S.W.3d 360, 361–62 (Mo. banc 2017), quoting Dorris, 360 S.W.3d at 267. "Dorris plainly holds that the burden of pleading ***and*** proving facts showing the motion was timely filed rests with the movant." Id. at 362 (emphasis in original).

> The burden of alleging and proving that the motion is timely filed can be met by the movant in one of three ways: (1) by filing the original *pro se* motion timely so

4

that the file stamp on the motion reflects that it is filed within the time limits [prescribed] in the rule; (2) alleging in the original *pro se* motion and proving by a preponderance of the evidence that the movant's circumstances fall within a recognized exception to the time limits; or (3) alleging in the amended motion and proving by a preponderance of the evidence that the circuit court misfiled the motion.

Vogl v. State, 437 S.W.3d 218, 226 (Mo. banc 2014), citing Dorris, 360 S.W.3d at 267.

"While it is defendant's burden to show that his motion is timely, nothing in the rule requires dismissal of the motion if the showing of timeliness is not made in the *pro se* Form 40 itself, but rather is made based on other aspects of the record, or is included in an amended Form 40 filed by counsel." Allen v. State, 986 S.W.2d 491, 493 (Mo. App. W.D. 1999) (internal citation omitted). Missouri case law has "recognized that failure of the *pro se* motion to allege dates essential to show whether the motion is timely can be corrected at a hearing or by the filing of an amended motion." Id.

However, dismissal of a post-conviction motion for relief is appropriate where Appellant does not allege facts in either the *pro se* motion or the amended motion that demonstrate the *pro se* motion was either timely filed or that the untimely filing fell into a recognized exception to the time limits. See Smith v. State, 948 S.W.2d 240 (Mo. App. S.D. 1997) (dismissing movant's Rule 24.035 motion as untimely when neither *pro se* motion nor amended motion revealed the date movant was delivered to the custody of the DOC); Marschke, 946 S.W.2d at 10 (dismissing movant's Rule 24.035 motion as untimely when movant failed to plead the date of delivery to the custody of the DOC in either *pro se* or amended motions and instead the "only yardstick provided by [Movant] by which the timeliness of his motion could be measured was the date of sentencing," which would have made the motion untimely by four days).

Similar to Marschke, Appellant did not allege or prove in either the *pro se* or amended motion the date he was delivered to the custody of the DOC. Thus, we are only able to measure

5

the timeliness of his motion from the date of his sentencing, October 16, 2015,[2] which would have made Appellant's *pro se* motion due on April 13, 2016. Appellant did not file his *pro se* motion until April 19, 2016, making it untimely. Because Appellant did not carry his burden of pleading or proving otherwise, we hold Appellant's motion was untimely in violation of Rule 24.035.

<u>Conclusion</u>

The motion court's judgment is vacated, and the cause is remanded with instructions to dismiss Appellant's Rule 24.035 motion with prejudice.

SHERRI B. SULLIVAN, J.

Mary K. Hoff, P.J., and
Angela T. Quigless, J., concur.

---

[2] Our review of the other material included in the record on appeal also did not disclose the date Appellant was delivered to the custody of the DOC. As Respondent points out in its brief, Appellant did not include the docket sheets or any of the documents filed in the underlying criminal case in the legal file for our review.