

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| ROSS RANDOLPH, | ) | No. ED108150 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | Cause No. 1922CC-00216 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Michael F. Stelzer |
| | ) | |
| Respondent. | ) | Filed: September 15, 2020 |

## OPINION

Ross Randolph ("Movant") appeals the judgment of the motion court dismissing his Rule 24.035 motion for post-conviction relief ("PCR").[1] Movant asserts in his sole point on appeal that the motion court clearly erred by dismissing his untimely Rule 24.035 motion without first appointing Movant post-conviction counsel.

Finding that the motion court clearly erred in failing to appoint post-conviction counsel to Movant, we reverse the judgment of the motion court and remand with instructions for the motion court to appoint post-conviction counsel to Movant and for further proceedings consistent with this opinion.

---

[1] All references are to Missouri Supreme Court Rules (2019).

1

## I.      Factual and Procedural Background

Movant pleaded guilty to eight felony charges on November 15, 2017,[2] and was sentenced to a total of 25 years' imprisonment in the Missouri Department of Corrections; Movant was delivered to the Missouri Department of Corrections on November 27, 2017. Movant untimely filed his *pro se* Rule 24.035 motion for PCR on January 28, 2019, and also filed a forma pauperis affidavit with his motion in which he asserted that he was unable to pay legal fees or court costs. On February 8, 2019, the motion court dismissed Movant's PCR motion without appointing post-conviction counsel to Movant. As the record clearly showed that the filing of Movant's *pro se* motion was untimely, the court found that dismissal was appropriate because it had "no authority to entertain a motion filed out of time."[3]

This appeal follows.

## II.      Standard of Review

"We will overturn the motion court's disposition in a Rule 24.035 motion if its findings of fact and conclusions of law are clearly erroneous." *Leigh v. State,* 551 S.W.3d 76, 78 (Mo. App. E.D. 2018); *see also Lenoir v. State,* 475 S.W.3d 139, 141 (Mo. App. E.D. 2014) (citing Rule 24.035(k)). We will find that the motion court's findings and conclusions were clearly erroneous only if we are "left with the definite and firm impression that a mistake has been made." *Turner v. State,* 501 S.W.3d 904, 905–06 (Mo. App. E.D. 2016).

---

[2] Specifically, Movant pleaded guilty to one count of second-degree murder (which was reduced from first-degree murder), one count of first-degree robbery, two counts of kidnapping, three counts of armed criminal action, and one count of first-degree endangering the welfare of a child.

[3] The motion court neither granted nor denied Movant's request to proceed *in forma pauperis*, and did not in any way address it in its judgment dismissing Movant's *pro se* PCR motion.

### III. Discussion

In this case, both Movant and the State correctly assert that the motion court clearly erred in dismissing Movant's *pro se* Rule 24.035 motion without first appointing post-conviction counsel. It is undisputed that Movant's *pro se* PCR motion was facially untimely pursuant to Rule 24.035(b), and a PCR movant's compliance with the time limits established by Rule 24.035 is required. *See Pettry v. State,* 345 S.W.3d 335, 338 (Mo. App. E.D. 2011) ("The time limitations contained in Rules 24.035 and 29.15 are valid and mandatory.") (quoting *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989)).

However, Rule 24.035(e) states that "[w]ithin 30 days after an indigent movant files a *pro se* motion, the court shall cause counsel to be appointed for the movant." "The requirement to appoint counsel for an indigent *pro se* movant is mandatory." *Ramsey v. State,* 438 S.W.3d 521, 522 (Mo. App. E.D. 2014) (citing *Luleff v. State,* 807 S.W.2d 495, 497 (Mo. banc 1991)); *see also Giles v. State,* 572 S.W.3d 137, 138 (Mo. App. E.D. 2019). A motion court commits clear error when it dismisses a movant's *pro se* Rule 24.035 motion without appointing counsel. *Ramsey,* 438 S.W.3d at 522. This is especially true when a motion court dismisses a movant's *pro se* Rule 24.035 motion for untimeliness, as an established exception to Rule 24.035's time limits may apply to the movant's circumstances—something that the movant may not be aware of absent post-conviction counsel's legal expertise and that may be raised in an amended Rule 24.035 motion. *Naylor v. State,* 569 S.W.3d 28, 31–32 (Mo. App. W.D. 2018) (citing *Vogl v. State,* 437 S.W.3d 218, 226–27 & n.12 (Mo. banc 2014)).

Here, Movant stated in his forma pauperis affidavit filed with his *pro se* Rule 24.035 motion that he was indigent and could not afford an attorney. The motion court did not address Movant's asserted indigence; instead, the court found solely that Movant's *pro se* Rule 24.035

motion should be dismissed because it was untimely filed. Pursuant to Rule 24.035(e), the motion court was required to appoint Movant post-conviction counsel if he was indigent before dismissing his *pro se* PCR motion for being untimely filed, and failure to do so was clear error. *See id.* at 32 ("[A] motion court is required to appoint counsel for a movant even when the movant's *pro se* motion is facially untimely."); Rule 24.035(k).

## IV.    Conclusion

For the aforementioned reasons, we reverse the judgment of the motion court dismissing Movant's *pro se* Rule 24.035 motion and remand with instructions for the motion court to appoint post-conviction counsel to Movant and for further proceedings consistent with this opinion.

_____
Colleen Dolan, P.J.

Mary K. Hoff, J., concurs.
Robert M. Clayton III, J., concurs.

4