

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| JOHN H. BONDS, | ) | No. ED108654 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Michael F. Stelzer |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: September 15, 2020 |

John Bonds ("Movant") appeals the judgment of the Circuit Court of the City of St. Louis dismissing his *pro se* Rule 24.035[1] motion as untimely. The motion court dismissed Movant's motion without first appointing him counsel, which the State concedes was error. The judgment is reversed, and the case is remanded for the appointment of counsel and further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Movant was charged with one count of statutory rape in the first degree (Count I), one count of statutory sodomy in the first degree (Count II), and one count of tampering with a victim (Count III). On July 5, 2016, Movant pleaded guilty to all three charges. The plea court accepted the guilty pleas and, on August 25, 2016, entered a corrected sentence and judgment in which the

---

[1] All rule citations are to the Missouri Supreme Court Rules (2017), which was the version of the Rules in effect for Movant's *pro se* motion for post-conviction relief.

court sentenced Movant to two concurrent five-year sentences in the Missouri Department of Corrections ("DOC") as to Counts I and II and a consecutive seven-year sentence as to Count III.

On August 6, 2018, Movant filed a *pro se* Rule 24.035 motion in which he requested post-conviction relief. In the motion, Movant stated he was delivered to the custody of DOC in July 2015.[2] Attached to the motion was a completed Forma Pauperis Affidavit in which Movant claimed he was indigent.

The motion court never appointed counsel for Movant. On November 15, 2019, the motion court dismissed Movant's *pro se* Rule 24.035 motion as untimely. This appeal follows.

## STANDARD OF REVIEW

Appellate review of the denial of a Rule 24.035 motion is limited to a determination of "whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Anderson v. State*, 564 S.W.3d 592, 600 (Mo. banc 2018). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." *Cooper v. State*, 356 S.W.3d 148, 152 (Mo. banc 2011).

## DISCUSSION

Movant contends the motion court clearly erred in dismissing his *pro se* Rule 24.035 motion as untimely without first appointing him counsel. The State concedes this was error and acknowledges that the motion court's "judgment should be set aside, and this case should be remanded to the motion court for the appointment of counsel."

Rule 24.035(e) provides that a motion court "shall cause counsel to be appointed" for an indigent movant who files a *pro se* motion. "A motion court that dismisses a *pro se* Rule 24.035

---

[2] The motion court indicated that it assumed Movant "meant July 2016, based on his sentencing date."

2

motion without appointing counsel commits clear error." *Ramsey v. State*, 438 S.W.3d 521, 522 (Mo. App. E.D. 2014). Counsel must be appointed for an indigent movant even in circumstances where the movant's *pro se* motion is untimely on its face. *Naylor v. State*, 569 S.W.3d 28, 31-32 (Mo. App. W.D. 2018). The rationale for this requirement is that appointed counsel may determine there is an applicable exception to the filing deadline. *See Vogl v. State*, 437 S.W.3d 218, 226 n.12 (Mo. banc 2014).

We agree with the parties that it is necessary to reverse the judgment because the motion court clearly erred in dismissing Movant's *pro se* Rule 24.035 motion without first appointing counsel to represent him.

## CONCLUSION

For the foregoing reasons, the motion court's judgment is reversed, and the case is remanded with instructions to the motion court to appoint counsel and provide Movant with the opportunity to amend his motion in accordance with Rule 24.035(e) and (g).

                                       _____

                                       MICHAEL E. GARDNER, Judge

Gary M. Gaertner, Jr., P.J., concurs.
Philip M. Hess, J., concurs.