**Terry D. MURRAY, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 21896.

Missouri Court of Appeals,
Southern District,
Division One.

May 26, 1998.

Irene Karns, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Appellant filed a motion under Rule 24.035 [1] for relief from a prison sentence for a felony. The motion court dismissed the proceeding because Appellant did not file the motion within the deadline set by Rule 24.035(b).

This appeal followed. Appellant's sole point relied on is:

"The motion court clearly erred in dismissing [Appellant's] Rule 24.035 motion as untimely filed, because the absolute deadline imposed by Rule 24.035(b) operated to arbitrarily deny him the right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Missouri Constitution, in that the rule makes no provision for the late filing of a postconviction motion for good cause shown. [Appellant] was prejudiced in that he was denied review of the merits of his Rule 24.035 motion."

Appellant concedes the Supreme Court of Missouri has, in the past, rejected constitutional challenges to Rule 24.035(b) identical to the one asserted by him. However, he tells us he raises the issue "for the purpose of preservation, in the event that a federal court renders a decision contrary to that of the Missouri Supreme Court."

■ To preserve a constitutional claim for appellate review, the claim must be made at the first opportunity, with citation to specific constitutional sections. *State v. Parker*, 886 S.W.2d 908, 925[59] (Mo. banc 1994), *cert. denied*, 514 U.S. 1098, 115 S.Ct. 1827, 131 L.Ed.2d 748 (1995).

In the motion court, neither Appellant's pro se motion nor the amended motion filed for him by appointed counsel challenged the constitutionality of Rule 24.035(b). The State moved the motion court to dismiss this proceeding because it was barred by Rule 24.035(b). The motion court's docket sheet does not show Appellant filed any response to the State's motion. It thus appears arguable that Appellant's constitutional attack on Rule 24.035(b) was not preserved in the motion court.

However, the State does not raise the preservation issue in response to Appellant's constitutional attack. We shall therefore assume, arguendo, that the constitutional challenge was preserved. A federal court, on a more complete record than the one handed us, may conclude otherwise.

1. The current (1998) version of Rule 24.035(m) provides that if sentence is pronounced prior to January 1, 1996, post-conviction relief shall be governed by the provisions of Rule 24.035 in effect on the date the motion was filed or December 31, 1995, whichever is earlier. Appellant was sentenced before January 1, 1996; his motion was filed August 1, 1996. Consequently, the version of Rule 24.035 in Missouri Rules of Criminal Procedure (1995) applies in this proceeding. References to Rule 24.035 in this opinion are to that version.

In *Day v. State*, 770 S.W.2d 692, 695[1] (Mo. banc 1989), *cert. denied, sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989), the Supreme Court of Missouri held the time limitation in Rule 24.035(b) is constitutional and mandatory. We are constitutionally controlled by decisions of the Supreme Court of Missouri. Mo. Const. Art. V, § 2 (1945); *State v. Simpson*, 813 S.W.2d 323, 323[2] (Mo.App. S.D.1991), *cert. denied*, 502 U.S. 1109, 112 S.Ct. 1209–10, 117 L.Ed.2d 448 (1992). In obedience to *Day*, we deny Appellant's claim of error.

The motion court's dismissal of this proceeding is affirmed.

GARRISON, P.J., and PREWITT, J., concur.