**Terry L. RUBLE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 23073.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 4, 2000.

Amy M. Bartholow, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan K. Glass, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

Terry L. Ruble ("Movant") pled guilty, on June 29, 1998, to the felony of forcible rape, section 566.030, RSMo 1994, and the Class D felony of escape from custody, section 575.200, RSMo 1994. Movant was sentenced to twenty years' imprisonment on the rape charge and five years' imprisonment on the escape charge, the sentences to run concurrently. Appellant was delivered to the Department of Corrections on July 2, 1998.

Appellant filed a *pro se* motion under Rule 24.035, Missouri Court Rules, (1998), on October 9, 1998.[1] The docket sheets show that the State filed a motion to dismiss on March 26, 1999. An amended motion and request for evidentiary hearing was filed by appointed counsel April 9, 1999. On April 27, 1999, the motion court dismissed Movant's motion because it was not filed within the deadline set by Rule 24.035(b).

This appeal followed. Appellant's sole point on appeal states:

> The motion court clearly erred in dismissing [Movant's] Rule 24.035 motion as untimely filed, because the absolute deadline imposed by Rule 24.035(b) operated to arbitrarily deny him the right to due process. See, U.S. Const., 5th and 14th Amends., and Mo. Const., Art. I, Sec. 10. The Rule makes no provision for the late filing of a postconviction motion for good cause shown and Mr. Ruble was prejudiced in that he was denied review of the merits of his Rule 24.035 motion.

Movant concedes the Supreme Court of Missouri has, in the past, rejected constitutional challenges to Rule 24.035(b) identical to the one asserted by him. *See Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied, sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107

---

1. Rule 24.035(b) reads, in pertinent part, as follows:

   If no appeal of such judgment was taken, the motion shall be filed within ninety days of the date the person is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035. Rule 24.035, Missouri Court Rules (1998). All Rule references are to Missouri Court Rules (1998), unless otherwise noted.

L.Ed.2d 141 (1989). Nevertheless, he informs us that he "believes that this issue is a meritorious question of federal constitutional law" and that he "raises it for the purpose of preservation, in the event that a federal court renders a decision contrary to that of the Missouri Supreme Court in *Day*."

■ "To preserve a constitutional claim for appellate review, the claim must be made at the first opportunity, with citation to specific constitutional sections." *Murray v. State*, 969 S.W.2d 268, 269 (Mo.App.1998)(citing *State v. Parker*, 886 S.W.2d 908, 925 (Mo. banc 1994), *cert. denied*, 514 U.S. 1098, 115 S.Ct. 1827, 131 L.Ed.2d 748 (1995)). Movant failed to challenge the constitutionality of Rule 24.035(b) in either his pro se motion or the amended motion filed for him by motion counsel. Further, the motion court's docket does not show any response filed by Movant to the State's motion to dismiss. "It thus appears arguable that Appellant's constitutional attack on Rule 24.035(b) was not preserved in the motion court." *Id.*

■ However, as the preservation issue is not raised by the State in it's appeal brief, we shall assume, *arguendo*, that Movant's constitutional challenge was preserved. "A federal court, on a more complete record than the one handed us, may conclude otherwise." *Id.*

■ In *Day*, 770 S.W.2d at 695, cited *supra*, the time limitation contained in Rule 24.035(b) was held to be both constitutional and mandatory. *See also Washington v. State*, 972 S.W.2d 347, 348 (Mo. App.1998); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir.1994). As we are constitutionally controlled by decisions of the Supreme Court of Missouri, Mo. Const. Art. V, section 2 (1945); *Murray*, 969 S.W.2d at 270, we must deny Movant's claim of error.

The motion court's dismissal of Movant's 24.035 motion is affirmed.

MONTGOMERY, P.J., and GARRISON, C.J., concur.