EDWARD R. ARDINI, JR., JUDGE
*30 Aaron Naylor ("Naylor") appeals the judgment of the Circuit Court of Johnson County denying his pro se Rule 24.035[1] motion as untimely. The circuit court denied Naylor's motion without appointing counsel, which the State concedes was error. We agree, reverse the court's judgment, and remand for the appointment of counsel and further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
Naylor was charged with one count of first-degree child molestation, a class B felony, in that "on or between March 1, 2014 and May 1, 2014 in the County of Johnson, State of Missouri, [Naylor] knowingly subjected B.P. (DOB: 7/3/2002) who was less than fourteen years old to sexual contact by rubbing his penis on B.P.'s stomach and grabbing her buttocks."
On February 1, 2015, Naylor signed a Petition to Enter Plea of Guilty ("plea petition"), in which he admitted to committing first-degree child molestation as charged. Paragraph 12 of the plea petition provided that: "I understand that if I am indigent, and I file my own pro se [Rule 24.035] motion, counsel will be appointed for me, and my counsel will have up to thirty days to file an amended motion."
On February 5, 2015, Naylor and his counsel appeared before the court to enter a guilty plea. Naylor testified at the plea hearing that he was 30 years old, blind, and able to read and write in Braille. Naylor also testified that he had been diagnosed with the following conditions: PTSD, Tourette's syndrome, OCD, mental retardation, ADHD, "Asperger Syndrome, part of the autism spectrum," and infantile cerebral palsy. Naylor stated that he understood that the range of punishment for the offense was 5 to 15 years' imprisonment and that there was no plea agreement. Naylor also stated that his attorney had read him the plea petition, he understood the plea petition, and he had signed each page of the plea petition. The court accepted Naylor's guilty plea, ordered a sentencing assessment report, and set a sentencing hearing for May 5, 2015.
Naylor and his counsel appeared at the sentencing hearing. The court sentenced Naylor to twelve years in the Missouri Department of Corrections ("DOC"). The court advised Naylor of his rights under Rule 24.035 and that he was required to file his Rule 24.035 motion "within 180 days of the date [he was] delivered to the custody of the Department of Corrections." The court advised that "there [was] no cost for filing the motion" and if Naylor could not afford a lawyer the court would appoint one for him.
On August 18, 2016, Naylor filed a pro se Rule 24.035 motion, in which he alleged that he was delivered to the DOC on May 7, 2015. Naylor sought to vacate his conviction and sentence on two grounds: (1) "Ineffective assistance of counsel" in that he "was coerced into open Plea by counsel [and] wanted a jury trial" and (2) "Violation of 4th Amendment Rights" in that he "was denied jury trial/trial by counsel." Naylor's signature[2] appeared at the bottom of the motion, along with a notation that the motion was prepared by two fellow inmates "Due to Movant [sic] Disabilities." Included with the motion was a "Forma Pauperis Affidavit," in which Naylor averred that he was unable to afford *31 the cost of an attorney and requested the court appoint one for him.
The court conducted a case review hearing on August 29, 2016. The prosecutor appeared, but no one appeared on behalf of Naylor.[3] The prosecutor advised that Naylor "went into custody on August 11th, 2015, so the 180 days past that would have been February and [the motion] wasn't filed until August of [2016]." The court agreed that the motion was filed "out of time."
On February 2, 2017, the court denied Naylor's pro se Rule 24.035 motion as untimely. The court found that, assuming Naylor was delivered to the DOC on August 11, 2015-the later of the two alleged delivery dates-the motion was due on or before February 8, 2016 and Naylor did not file his motion until August 18, 2016. The court found "no abandonment on the part of the Public Defender, as the Movant did not seek to file his Motion to Vacate until the time limits under Rule 24.035 expired." The court did not appoint Naylor counsel at any time during his post-conviction proceedings. This appeal followed.
STANDARD OF REVIEW
We review the denial of a post-conviction motion under Rule 24.035 to determine if the motion court's findings of fact and conclusions of law are clearly erroneous. See Cooper v. State , 356 S.W.3d 148, 152 (Mo. banc 2011). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." Id.
DISCUSSION
Naylor argues that the motion court clearly erred in denying his pro se Rule 24.035 motion as untimely without appointing counsel. The State concedes this error.
"When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant." Rule 24.035(e). "Thereafter, appointed counsel must file either an amended motion to compensate for any deficiencies in the pro se motion or, in the alternative, a statement explaining the actions counsel took to ensure that no amended motion is needed." Vogl v. State , 437 S.W.3d 218, 226 (Mo. banc 2014) (citing Rule 24.035(e) ).
A "threshold to achieving post-conviction relief" is the timely filing of a pro se motion. Id. Generally, a movant can only proceed under Rule 24.035 if he files his pro se motion within the time limits set forth in Rule 24.035(b).[4] Id. at 226-27. However, a movant may proceed if he alleges and proves that his circumstances fell "within a recognized exception to the filing time limits of the post-conviction rules at the time that the pro se motion was filed." Id. at 226 & n.12. Movant's counsel may raise an exception to the filing time limits for the first time in an amended motion, as the movant may not have been aware that his circumstances fell *32 within such an exception. See id. at 226-27 & n.12. Thus, the court's denial of a pro se Rule 24.035 motion without appointing counsel may deprive the movant of his opportunity to allege and prove the timeliness of his motion. See id.
For these reasons, a motion court is required to appoint counsel for a movant even when the movant's pro se motion is facially untimely. See id. at 226-30 & n.12 (requiring an indigent movant be "given the opportunity to raise [allegations regarding timeliness] in an amended motion)[5] ; see also Haynes v. State , 553 S.W.3d 885, 886 (Mo. App. S.D. 2018) (the motion court clearly erred by dismissing the movant's pro se Rule 24.035 motion without appointing counsel); Ramsey v. State , 438 S.W.3d 521, 522 (Mo. App. E.D. 2014) (same).
Here, the motion court's denial of Naylor's pro se Rule 24.035 motion deprived him of the opportunity to allege and prove that an exception to the filing period applied. Naylor was entitled to the benefit of counsel's legal expertise to determine if his circumstances fell within a recognized exception to Rule 24.035's time limits, and if so, to raise such allegations. See Vogl , 437 S.W.3d at 227 (an amended motion is a final pleading, "which requires legal expertise"). Thus, even though Naylor's motion was facially untimely, the motion court was required to appoint post-conviction counsel for Naylor in accordance with Rule 24.035(e). See id. at 230. The motion court's failure to do so was error.[6] See Ramsey , 438 S.W.3d at 522 ("A motion court that dismisses a pro se Rule 24.035 motion without appointing counsel commits clear error."). Accordingly, we reverse the motion court's judgment.
CONCLUSION
The motion court's judgment denying Naylor's pro se Rule 24.035 motion is reversed and this cause is remanded for the appointment of counsel and further proceedings consistent with this opinion.
All concur.

All rule references are to the Missouri Court Rules (2015).

Naylor's signature was illegible, but it was the same mark Naylor used in signing the plea petition.

Although the motion court's judgment denying Naylor's pro se Rule 24.035 motion stated that Naylor "appear[ed] by previous attorney," the transcript of the hearing reflects that no attorney appeared for Naylor. Similarly, the docket sheet notes that the prosecutor appeared at the hearing but there were "no other appearances."

There is no dispute that Naylor's pro se motion was facially untimely, as Naylor did not file the motion within 180 days of his delivery to the DOC. See Rule 24.035(b) (If the movant does not appeal the judgment, his motion to vacate, set aside, or correct the judgment shall be filed within 180 days of the date he was delivered to the custody of the DOC). Nor is there a dispute that Naylor is indigent.

In Vogl , an indigent movant filed a facially untimely pro se Rule 24.035 motion: the motion was file stamped March 18, 2008 and the filing deadline was March 17, 2008. 437 S.W.3d at 221. The motion court appointed counsel to represent Vogl, but counsel requested his appointment be rescinded because the pro se motion was filed after the deadline. Id. The motion court rescinded the appointment and dismissed the case because Vogl's pro se motion was untimely. Id. Vogl filed a motion claiming abandonment by post-conviction counsel, which was denied by the motion court. Id. at 222, 224. The Missouri Supreme Court reversed, holding that the record raised a presumption that counsel abandoned Vogl because counsel failed to comply with Rule 24.035(e) and file an amended motion or a statement explaining why an amended motion was unnecessary. Id. at 230. The court remanded the case so the motion court could conduct an independent inquiry into Vogl's abandonment claim. Id.

In Point II, Naylor argues that he can plead and prove his pro se motion was untimely due to third-party interference by DOC staff, which he contends would fall within an exception to the time limits of Rule 24.035(b). He concedes however, that Point II "need not be decided by this Court if relief is granted on Point I" and explains that he raised Point II "to show this Court that [he] has a good faith basis to believe he falls within a recognized exception to the time limits of Rule 24.035(b)." Because we grant relief on Point I, we do not address Point II.