

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| BRANDON JAMES GILKEY, | ) | |
| | ) | WD83071 |
| Appellant, | ) | |
| v. | ) | OPINION FILED: |
| | ) | |
| STATE OF MISSOURI, | ) | April 28, 2020 |
| | ) | |
| Respondent. | ) | |
| | ) | |

**Appeal from the Circuit Court of Saline County, Missouri**
**Honorable Dennis Allen Rolf, Judge**

**Before Division Four: Karen King Mitchell, Chief Judge Presiding,**
**Thomas H. Newton, and Thomas N. Chapman, Judges**

Mr. Brandon James Gilkey appeals the judgment denying and dismissing the post-conviction relief motion filed from a conviction on a charge of failing to register as a sex offender, for which he was sentenced to ten years' imprisonment. Mr. Gilkey and the State agree that the motion court clearly erred in issuing the judgment, based on the untimeliness of the *pro se* motion, before appointed counsel had filed an amended motion within the Rule 29.15 time limit. We reverse and remand.

Following a February 2018 bench trial, the Saline County Circuit Court found Mr. Gilkey guilty of failing to register as a sex offender with the sheriff's department within three days of his release from prison in May 2017 on a charge of attempted sexual assault, a felony offense under chapter 566.[1]  During the April 9, 2018, sentencing hearing, the court sentenced Mr. Gilkey as a prior and persistent offender to ten years of imprisonment.  The circuit court advised Mr. Gilkey of his post-conviction rights under Rule 24.035, including that he would have 90 days to file a post-conviction motion after the mandate issued from an appeal.[2]  Mr. Gilkey filed a direct appeal to this court, WD81673, but dismissed it purportedly on the advice of counsel.  Granting the motion to dismiss, we issued the mandate on January 15, 2019.  Mr. Gilkey had 90 days, or until April 15, 2019, to file a motion for post-conviction relief.

Mr. Gilkey's *pro se* motion was date-stamped by the county clerk's office on May 15, 2019, although the outer envelope was date-stamped May 13, 2019.  On its face, nothing in the motion alleges that Mr. Gilkey's circumstances fell within a recognized exception to the time limits or that the circuit court misfiled

---

[1] The court found the statutory requirements for registration confusing and urged Mr. Gilkey to file an appeal.  He had apparently registered before his release from the Department of Corrections, but then failed to register with the sheriff's office. According to the court, section 589.400.2 appears to be redundant given the registration requirement in section 589.403.1.  These statutes have been amended since Mr. Gilkey was under an obligation to comply with them in 2017, but the relevant subsections have not changed as to the issue that concerned the trial court.

[2] It is possible that the sentencing court instructed Mr. Gilkey under Rule 24.035 because he had entered a guilty plea to the underlying conviction of attempted sexual assault.  That rule applies to persons convicted of a felony on a guilty plea. Rule 29.15 applies to those convicted of a felony after trial. They are otherwise identical regarding the requirements at issue here.

it. On May 15, 2019, the motion court appointed counsel to represent Mr. Gilkey and granted a 30-day extension for the filing of an amended post-conviction relief motion, making the deadline for the amended motion August 13, 2019. Counsel entered an appearance on June 15, 2019, and on July 1, 2019, filed a motion for additional time to file the amended motion for a total of 120 days, which would have made the amended motion due September 12, 2019. The motion court granted the extension on July 11, 2019, which was four days *after* the motion court had already issued its judgment in the case. The motion court had denied the *pro se* motion and dismissed it as untimely on July 7, 2019. Counsel for Mr. Gilkey filed a motion to set aside the judgment on July 11, 2019, arguing that he was entitled to allege and prove an exception to timeliness under our post-conviction relief rules. The motion court did not rule on this motion. Mr. Gilkey filed a notice of appeal on August 9, 2019.

## Legal Analysis

The point on appeal is whether the motion court clearly erred in dismissing as untimely Mr. Gilkey's *pro se* post-conviction relief motion. Mr. Gilkey argues, and the State agrees, that the motion court was required to give appointed counsel the opportunity to file the amended motion to assert any additional facts, including that the *pro se* motion was timely filed or whether the circumstances of filing fell within an exception to the Rule 29.15 time limits. They disagree, however, on how this court should instruct the motion court on remand.

Mr. Gilkey requests that we remand for appointed counsel to file an amended motion under the authority of *Vogl v. State*, 437 S.W.3d 218 (Mo. banc 2014). Because *Vogl* involved an abandonment by post-conviction relief counsel and the abandonment doctrine is limited, the State contends that where, as here, the motion court's action preempted counsel's ability to perform her duties under Rule 29.15, that action operated as a rescission of the appointment and the case should be remanded for the reappointment of counsel to file an amended post-conviction relief motion or a statement in lieu thereof. In the alternative, the State suggests that Mr. Gilkey was abandoned. In that instance, the State calls for us to remand for the motion court to conduct an abandonment inquiry.

We review the denial of a post-conviction relief motion "to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k)." *Watson v. State*, 520 S.W.3d 423, 428 (Mo. banc 2017). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Id.* (citation omitted). We do not conduct our review *de novo*; rather, "[t]he motion court's findings are presumed correct." *Butler v. State*, 557 S.W.3d 427, 434 (Mo. App. W.D. 2018).

We agree that the motion court clearly erred in deciding the matter before the time limit to file the amended motion had expired and before appointed counsel had an opportunity to comply with her duties under Rule 29.15. In this regard, the case is somewhat akin to *Naylor v. State*, 569 S.W.3d 28, 31 (Mo. App.

4

W.D. 2018), where the motion court denied the *pro se* Rule 24.035 motion as untimely without appointing counsel. Given that the "threshold to achieving post-conviction relief" is a timely filed *pro* se motion, we observed that "a movant may proceed if he alleges and proves that his circumstances fell within a recognized exception to the filing time limits of the post-conviction rules at the time that the *pro se* motion was filed." *Id.* We determined that an indigent, post-conviction relief movant who files an untimely *pro se* motion may have an exception to the filing time limits raised for the first time in an amended motion. *Id.* at 31-32. We found that the motion "court's denial of a *pro se* Rule 24.035 motion without appointing counsel may deprive the movant of his opportunity to allege and prove the timeliness of his motion." *Id.* at 32 (citing *Vogl,* 437 S.W.3d at 226-27 & n.12). This was so because a movant, such as Mr. Gilkey, is "entitled to the benefit of counsel's legal expertise to determine if his circumstances fell within a recognized exception to Rule 24.035's time limits, and if so, to raise such allegations." *Id.*

We decline the State's invitation to consider the matter in the alternative as a presumed abandonment by counsel. The motion court entered its judgment before the Rule 29.15 filing time limit, as extended, had expired. Filing an amended motion thereafter would have been pointless. We are more concerned with what occurred before judgment was entered. The motion court failed to give appointed counsel the opportunity to raise and address the timeliness of the

5

*pro se* motion which deprived Mr. Gilkey of counsel's expertise just as effectively as if counsel had not been appointed at all.  This point is granted.

## Conclusion

Finding clear error in the motion court's premature ruling on Mr. Gilkey's *pro se* Rule 29.15 motion, we reverse the judgment denying that motion as untimely and remand for the motion court to allow appointed counsel within 30 days, unless counsel renews the request for a second extension, to file an amended motion or a statement explaining the actions that counsel took to ensure that no amended motion is needed.  Reversed and remanded.


/s/ *Thomas H. Newton*
Thomas H. Newton, Judge


Karen King Mitchell, C.J., and Thomas N. Chapman, J. concur.