

## Missouri Court of Appeals
### Southern District
### Division Two

TIMOTHY P. CABLE,         )
                              )
          Appellant,     )
                              )
    vs.                   )  No. SD36968
                              )
STATE OF MISSOURI,    )  FILED: September 17, 2021
                              )
         Respondent.    )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Thomas E. Mountjoy, Judge

**AFFIRMED**

Timothy P. Cable ("Movant") appeals the motion court's denial of his abandonment motion seeking to excuse the late filing of his pro se motion for Rule 29.15 post-conviction relief ("PCR").[1] We affirm.

### Factual and Procedural Background

In 1998, Movant was found guilty of first-degree murder and sentenced to life imprisonment without eligibility for probation or parole. That conviction was affirmed by this Court on direct appeal in **State v. Cable**, 4 S.W.3d 571 (Mo.App. 1999), and, on October 29, 1999, we issued our mandate.

---

[1] All rule references are to Missouri Court Rules (2021).

A docket entry reflects that, on February 7, 2000, Movant filed a pro se PCR motion (the "2000 PCR motion" or "Form 40"). The docket further reflects that nothing happened in the case for the next twelve years. In 2012, the motion court, citing a failure to prosecute, placed Movant's PCR case on a dismissal docket and, thereafter, dismissed it.

In 2016 and again in 2017, Movant filed pro se PCR motions that culminated in a hearing on the State's motion to dismiss in 2020. At the hearing, Movant appeared by counsel and by video conference in person. Upon the agreement of all parties, the motion court dismissed the pending pro se PCR motions as successive to the 2000 PCR motion. *See* Rule 29.15(l) (successive PCR motions shall not be entertained). Movant's counsel further indicated to the motion court, however, that he would be filing a motion addressing the untimeliness of the 2000 PCR motion. At the request of Movant's counsel to develop the record for the anticipated motion to be filed, the motion court allowed Movant to testify and submit exhibits on the record.

Thereafter, Movant filed a "**MOTION FOR POSTCONVICTION RELIEF DUE TO ABANDONMENT AND TO EXCUSE THE LATE FILING OF FORM 40 AND ALLOW MOVANT TO PROCEED WITH PCR PURSUANT TO RULE 29.15**" (the "abandonment motion").[2] In his abandonment motion, Movant conceded that January 27, 2000, was the last day to timely file his 2000 PCR motion and that it was not filed until February 7, 2000, eleven days late. Movant alleged that upon the filing of his 2000 PCR motion, the motion court was required to appoint counsel to represent him and failed to do so. Relying upon the implicit premise that appointment of counsel for a movant by the motion court is a required prerequisite to an abandonment-by-appointed-counsel claim and as support for the relief requested, Movant cited Missouri rules and caselaw and, in pertinent part, argued as follows:

---

[2] "[F]iling a motion to "re-open" does not exist in our rules. Henceforth, attorneys should file a motion for post-conviction relief due to abandonment." ***Eastburn v. State***, 400 S.W.3d 770, 775 (Mo. banc 2013).

> Appointment of counsel to an indigent movant is necessary, even if the motion appears untimely on its face. ***Naylor v. State***, 569 S.W.3d 28 (Mo. App. W.D. 2018); ***Allen v. State***, 986 S.W.2d 491 (Mo. App. W.D. 1999); ***Allmon v. State***, 973 S.W.2d 163 (Mo. App. E.D. 1998). Appointed counsel may file an amended motion pleading facts showing that the Form 40 was timely filed or showing facts constituting one of the recognized exceptions to the timely filing. ***Williams v. State***, 494 S.W.3d 638 (Mo. App. W.D. 2016).

Movant then proceeded to cite certain judicially-created exceptions to the Rule 29.15 time limits and provide a summary of the evidence previously adduced at the hearing before the motion court. That evidentiary summary, which accurately reflects the hearing transcript, was as follows:

> Movant testified essentially that he had trouble getting legal help to assist him with filing his Form 40. Various exhibits were admitted as evidence which indicated that appellate counsel timely notified movant of the appellate opinion and issuance of appellate mandate as well as providing movant multiple copies of the blank Form 40 for his use. Movant admits that he received one or more of the blank Form 40's from appellate counsel.

Finally, in concluding his argument, Movant asserted that only one exception to the Rule 29.15 time limits "most closely fits" the aforementioned evidence—that "in very rare circumstances … an improper filing, caused by circumstances beyond the movant's control, justifies a late receipt of the motion by the proper court."

The motion court ultimately entered a judgment that denied the abandonment motion. In its written findings of fact and conclusions of law, the motion court stated that "Movant's form 40 was filed out of time"; "Movant had no right to counsel at the time he filed his Form 40 and thus was not abandoned by counsel that was not appointed"; and "Movant's reason for untimely filing was that he could not get legal help[,] which is not a valid reason to excuse late filing under Missouri law."

Movant timely appeals.

**Standard of Review**

Appellate review of a motion court's decision to allow a motion to file a postconviction motion out of time is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. *Gehrke v. State*, 280 S.W.3d 54, 56 (Mo. banc 2009); *Nicholson v. State*, 151 S.W.3d 369, 370 (Mo. banc 2004). Findings and conclusions are clearly erroneous if, after reviewing the entire record, this Court is left with the definite and firm impression that a mistake has been made. *Gehrke*, 280 S.W.3d at 56–7.

***Eastburn v. State***, 400 S.W.3d 770, 773 (Mo. banc 2013).

**Discussion**

In his sole point relied on, Movant contends that "[t]he motion court erred in denying [Movant]'s pro se Criminal Form 40[3], because the motion court's determination was reached in violation of [Movant]'s constitutional right to the due process of law, in that the motion court disregarded established Missouri rules and law governing postconviction procedure." In the argument portion of his brief, Movant specifically identifies and relies upon the Due Process Clause of the Fourteenth Amendment to the United States Constitution as the legal basis for his argument. Movant further characterizes his hearing testimony as "largely despondent and nonresponsive[,]" complains that he "had to recall minute facts that happened decades ago[,]" and argues that he need not now plead and prove that an exception to the Rule 29.15 time limits applies because "[t]he passage of time has foreclosed all available avenues of investigation." We disagree with these arguments for three reasons.

---

[3] Movant's "pro se Criminal Form 40" was dismissed by the motion court in 2012 and thirty days after that, the dismissal judgment became final. *See* Rule 75.01; ***Eastburn***, 400 S.W.3d at 773 (circuit court generally lacks ability to reopen a final judgment after expiration of Rule 75.01 thirty-day period). The time within which to appeal that final judgment has expired. *See* Rules 81.04(a) and 81.07(a). According to his notice of appeal here, Movant appealed the motion court's order of December 22, 2020, denying the abandonment motion, which was the only motion pending before the motion court at that time. We *ex gratia* consider Movant's point as challenging the motion court's denial of the abandonment motion.

4

First, Movant is attempting, for the first time, to rebrand the claim raised in his abandonment motion as a Fourteenth Amendment due process claim.[4]  However, "[t]o preserve a constitutional claim for appellate review, the claim must be made at the first opportunity, with citation to specific constitutional sections." ***Murray v. State***, 969 S.W.2d 268, 269 (Mo.App. 1998).  Moreover, "[c]laims not presented to the motion court cannot be raised for the first time on appeal." ***Brown v. State***, 925 S.W.2d 216, 218 (Mo.App. 1996).  In the abandonment motion, Movant asserted that *Missouri law* required the motion court to appoint counsel for Movant and that his 2000 PCR motion fell within a Missouri judicially-created exception to the Rule 29.15 time limits.  Movant *did not*, however, raise any Fourteenth Amendment due process claim in his abandonment motion or otherwise present that claim to the motion court and, therefore, failed to preserve that claim for appellate review. *See **Murray***, 969 S.W.2d at 269; ***Brown***, 925 S.W.2d at 218.

Second, even if Movant's Fourteenth Amendment due process claim had been timely raised and preserved for appellate review, the claim nevertheless fails.  This is so because, even if the motion court had timely appointed counsel for Movant[5] and that appointed counsel had then filed an amended PCR motion, the late filing of the 2000 PCR motion would not have been excused.  According to the allegations in the abandonment motion, prepared and filed with the

---

[4] Movant's brief omits in his argument any Rule 84.04(e) required statement describing whether his claimed error was preserved for appellate review and, if so, how it was preserved.  This preservation statement is required because the initial threshold question for an appellate court in reviewing every point relied on is whether the claimed error asserted in the point has been preserved for appellate review.  The omission of this required statement, rather than obscuring, minimizing, or diminishing the critical and indispensable nature preservation plays in appellate review, however, is an immediate and obvious red flag to the court indicating that the appellant cannot demonstrate that the claimed error was properly preserved for appellate review and, therefore, should be considered by the court as a tacit concession that it was not preserved for appellate review.  Viewed in that light, the omission of this required preservation statement in the argument under a point is a sufficient basis, standing alone, to deny the point.
[5] For ease of analysis, we assume appointment of counsel by the motion court, without deciding whether it was required.  Because we determine that Movant's abandonment motion claim fails, even in that event, we need not reach the issue of whether such appointment was required.

assistance of counsel, and Movant's evidence presented to the motion court at the evidentiary hearing, once again with the assistance of counsel, an amended PCR motion filed by any appointed counsel could not have pleaded and Movant could not have proven that his untimely 2000 PCR motion fell within a recognized exception to the Rule 29.15 time limits. Based upon the allegations in the abandonment motion and the evidentiary record, the motion court found that Movant's only excuse for the untimely filing of his 2000 PCR motion was that he lacked legal assistance. This excuse, the motion court correctly concluded, fails because "[a]s legal assistance is not required in order to file the original motion, *the absence of proper legal assistance does not justify an untimely filing*." **Bullard v. State**, 853 S.W.2d 921, 923 (Mo. banc 1993) (emphasis added).

Third, Movant's attempt to maximize and leverage the impact of the passage of time upon this proceeding relies on an inference from his testimony suggesting that he was unable to recall the facts. Such an inference, however, is in contravention of the motion court's findings and our standard of review. *See* **Hardy v. State**, 387 S.W.3d 394, 399 (Mo.App. 2012). Even so, the mere passage of time does not grant this Court license or authority to obviate or ignore the Rule 29.15 time limits. "The time limits for filing a Rule 29.15 motion are *mandatory*." **Eastburn**, 400 S.W.3d at 773 (emphasis added). Absent a *recognized exception* to those time limits, failure to file a post-conviction motion within the Rule 29.15 mandatory time limits functions as a complete waiver. *Id.* at 773-74; **Dorris v. State**, 360 S.W.3d 260, 268 n.9 (Mo. banc 2012).

In sum, because Movant did not plead and prove that his untimely 2000 PCR motion fell within a recognized exception to the Rule 29.15 time limits, the record does not definitely and firmly reveal that the motion court made a mistake in denying the abandonment motion. *See*

*Eastburn*, 400 S.W.3d at 773.  Accordingly, the motion court's denial was not clearly erroneous.

*See id.*  Movant's point is denied.

## <u>Decision</u>

The motion court's judgment is affirmed.

GARY W. LYNCH, C.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

DON E. BURRELL, J. – CONCURS