

# In the
# Missouri Court of Appeals
# Western District

| | |
|---|---|
| **JASON L. ECKES,** | **WD85215** |
| **Appellant,** | **OPINION FILED:** |
| **v.** | **November 22, 2022** |
| **STATE OF MISSOURI,** | |
| **Respondent.** | |

**Appeal from the Circuit Court of Johnson County, Missouri
The Honorable William B. Collins, Judge**

**Before Division Two:
Lisa White Hardick, P.J., Thomas N. Chapman and Janet Sutton, JJ.**

Jason Eckes appeals the judgment of Johnson County Circuit Court dismissing his *pro se* Rule 24.035 motion for post-conviction relief. He contends that the motion court clearly erred in dismissing his motion before the time limit to file an amended motion had expired. The judgment is reversed, and the case is remanded.

## Background

On January 11, 2016, Eckes pleaded guilty to one count of assault in the first degree and four counts of endangering the welfare of a child in the first degree. On March 28, 2016, he was sentenced to 20 years' imprisonment for first-degree assault and 7 years' imprisonment on each

count of first-degree endangering the welfare of a child, with all of the sentences to run concurrently.

On October 3, 2016, Eckes filed his *pro se* Rule 24.035 motion for post-conviction relief. In the motion, he stated that he was delivered to the Missouri Department of Corrections ("DOC") on March 31, 2016. He also stated that he had filed a previous motion to vacate but it was "unknown to all" regarding in what court it had been filed and its disposition. On October 11, 2016, the motion court appointed the Missouri Public Defender's Office to represent Eckes. No attorney entered an appearance, and no amended motion or statement in lieu of an amended motion was ever filed. Additionally, no guilty plea or sentencing transcript was filed.

No other activity in Eckes's case occurred for more than four years. On February 2, 2021, the motion court dismissed Eckes's motion without prejudice. Via docket entry, the court ruled that the "case is inactive and hereby dismissed" in accordance with Local Court Rule 37 and Supreme Court Operating Rule 17. The motion court gave the parties 30 days to file a motion to set aside the judgment for good cause shown. The record does not show whether Eckes or his appointed counsel received notification of the court's dismissal. On March 10, 2022, Eckes filed a notice of appeal out of time with permission of this court.

**Point on Appeal**

In his sole point on appeal, Eckes contends that the motion court clearly erred in dismissing his *pro se* Rule 24.035 motion as inactive before the time limit to file an amended motion had expired. He argues that counsel did not appear on his behalf and a complete transcript of the guilty plea and sentencing hearings had not been prepared and filed so as to trigger counsel's obligation to file an amended motion. The State agrees.

Appellate review of the denial of a Rule 24.035 motion for post-conviction relief is limited to determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k);[1] *Hefley v. State*, 626 S.W.3d 244, 248 (Mo. banc 2021). The judgment is clearly erroneous when, upon review of the entire record, the court is left with a definite and firm impression that a mistake has been made. *Hefley*, 626 S.W.3d at 248.

"Rule 24.035 is designed to ensure that a movant receives a single—but meaningful—opportunity for timely post-conviction relief." *Whitfield v. State*, 435 S.W.3d 700, 701-02 (Mo. App. E.D. 2014). Under Rule 24.035(e), when an indigent movant files a *pro se* motion, the motion court shall appoint counsel for the movant. The appointment of counsel is vital because a movant may lack the skill and knowledge to adequately prepare his claim for review. *Whitfield*, 435 S.W.3d at 702. In addition, Rule 24.035(c) requires that upon receiving a movant's *pro se* motion, the clerk of the trial court "shall notify the court reporter to prepare and file the complete transcript of the movant's guilty plea and sentencing hearing if the transcript has not yet been prepared or filed."

After counsel is appointed, "'counsel must file either an amended motion to compensate for any deficiencies in the *pro se* motion or, in the alternative, a statement explaining the actions counsel took to ensure that no amended motion is needed.'" *Naylor v. State*, 569 S.W.3d 28, 31 (Mo. App. W.D. 2018) (quoting *Vogl v. State*, 437 S.W.3d 218, 226 (Mo. banc 2104)). Relevant to this case where no appeal of the judgment sought to be vacated is taken, the time for filing an amended motion is within 60 days of the date both a complete transcript consisting of the guilty

---

[1] All rule references are to Missouri Court Rules 2016.

plea and sentencing hearing has been filed in the trial court and counsel is appointed.[2]  Rule 24.035(g).  Here, although the motion court appointed counsel on October 11, 2016, no attorney entered an appearance.  Furthermore, a transcript of the guilty plea and sentencing hearing was not filed.  The time for filing an amended motion or statement in lieu thereof, therefore, did not begin, much less expire, under Rule 24.035(g).  The trial court's dismissal of Eckes's post-conviction relief motion was, therefore, premature and deprived him of a meaningful review of his claims.  *See McCartney v. State*, 622 S.W.3d 729, 732 (Mo. App. S.D. 2021), and *Gilkey v. State*, 600 S.W.3d 280, 282-283 (Mo. App. W.D. 2020) (motion courts erred in denying movants' *pro se* motions for post-conviction relief before the time had expired for filing an amended motion).

Eckes acknowledges that his *pro se* motion appeared to be untimely filed on its face.  Rule 24.035(b) requires that if no appeal of the judgment is taken, "the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections."[3]  In his *pro se* motion, Eckes stated that he was delivered to the DOC on March 31, 2016.  The motion was file-stamped on October 3, 2016, 186 days later.  That Eckes's *pro se* motion was apparently facially untimely does not change the conclusion that the motion court's dismissal was premature.  Although a threshold to receiving post-conviction relief is the timely filing of a *pro se* motion, "a movant may proceed if he alleges and proves that his circumstances fell 'within a recognized exception to the filing time limits of the post-conviction rules at the

---

[2] The time for filing an amended motion in Rule 24.035(g) has changed considerably since 2016.  *See* Rule 24.035(g) (2022).

[3] The time for filing a Rule 24.035 motion for post-conviction relief under Rule 24.035(b) has also changed since 2016.  *See* Rule 24.035(b) (2022).

time that the *pro se* motion was filed.'" *Naylor*, 569 S.W.3d at 31 (quoting *Vogl*, 437 S.W.3d at 226, n.12). Movant's counsel may raise an exception to the filing time limits, which the movant may not have realized was applicable, for the first time in an amended motion. *Gilkey*, 600 S.W.3d at 283; *Coy v. State*, 577 S.W.3d 814, 815 (Mo. App. W.D. 2019); *Naylor*, 569 S.W.3d at 31-32. Thus, a motion court's denial of a *pro se* motion without appointing counsel or without giving appointed counsel an opportunity to raise and address the timeliness of the *pro se* motion may deprive the movant of counsel's expertise to determine if his circumstances fell within a recognized exception to the Rule 24.035 time limits. *Gilkey*, 600 S.W.3d at 283; *Coy*, 577 S.W.3d at 815; *Naylor*, 569 S.W.3d at 32. For these reasons, a motion court is required to appoint counsel and to give appointed counsel an opportunity to raise allegations of timeliness in an amended motion even when the movant's *pro se* motion is facially untimely. *Coy*, 577 S.W.3d at 815 ; *Naylor*, 569 S.W.3d at 32. In this case, the motion court clearly erred in dismissing Eckes *pro se* Rule 24.035 motion before appointed counsel entered an appearance and the time expired for filing an amended motion. The point is granted.

## Conclusion

The judgment is reversed, and the case is remanded to the motion court to appoint new counsel, to notify the court reporter to file the transcript, and to give counsel an opportunity to file an amended motion.

Thomas N. Chapman, Judge

All concur.

5